■ In the Matter of the Estate of CATHERINE MURPHY, Deceased. LUCY O'CONNELL et al., Respondents; MARGARET SULLIVAN, as Executrix of CATHERINE MURPHY, Deceased, et al., Appellants.— Order, entered on March 7, 1967, vacating and setting aside an order entered on November 9, 1964, which had approved and confirmed a stipulation of settlement, theretofore placed on the record in open court in this turn-over proceeding, unanimously reversed, on the law, without costs or disbursements, and the matter remanded to the Surrogate's Court for a hearing in accordance herewith. The turn-over proceeding was instituted by petitioner to compel the delivery to her of two designated bank books, representing joint accounts in the name of the decedent and herself. These books, and a third bank book in the name of the decedent and the executrix, her sister, formed the basis for the 1964 settlement. It appears that, at the time of the settlement, the executrix knew of the existence of another substantial joint bank account in the name of the decedent and herself, but it is claimed by petitioner that the executrix did not disclose such fact to the petitioner. The petitioner claims that she discovered the existence of the fourth joint savings account after the stipulation of settlement was entered into and shortly before she commenced this proceeding. She argues that, if she had known of this account at the time of the settlement, "she would not have participated in the settlement and agreed to it". This contention should be considered in the light of the statement of the lawyer for the petitioner, which is found at page 64 of the record, and which reads as follows: "Mr. Ramson: I think she [the executrix] will undoubtedly be entitled to keep as a matter of law the proceeds of this $12,000 account, Your Honor. I think the executrix will be able to keep that; I don't think she did anything wrong by taking that." Under the circumstances disclosed, the Surrogate should not have summarily vacated the stipulation of settlement previously approved by him. A hearing should be held to determine whether the petitioner did or did not know of the existence of the fourth joint savings account at the time of the 1964 settlement, whether she relied on the existence of only the three revealed accounts in agreeing to the settlement and whether she would have agreed to the settlement if she had known of the existence of the fourth account. A hearing limited to these issues is directed. Concur — Stevens, P. J., Eager, Capozzoli, McGivern and Markewich, JJ.